BLD-165                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1667
_____

IN RE: ARTHUR MORRISON,
Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civil No. 08-cv-05408)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 8, 2010

Before: McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges

(Filed: June 7, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Petitioner Arthur Morrison, a federal prisoner proceeding pro se, seeks a writ of

mandamus compelling the District Court to rule on two of his motions. For the reasons

that follow, we will deny the petition.

Morrison was convicted of various crimes in the United States District Court for

the Southern District of New York. He was sentenced to 300 months' imprisonment and

is currently incarcerated at FCI-Terminal Island in California.

In November 2008, Morrison filed in the United States District Court for the District of New Jersey a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He also filed a motion seeking release on bail pending resolution of the petition. The District Court dismissed his petition for lack of jurisdiction. In June 2009, the District Court reopened Morrison's case to address the numerous motions he filed after his petition was dismissed. The District Court then denied Morrison's pending "motion to correct or modify the record." In November 2009, Morrison filed a motion to reconsider, which the District Court denied in March 2010. Morrison recently appealed that decision. See Morrison v. United States, C.A. No. 10-1891.

On the same day that the District Court denied his motion for reconsideration, Morrison filed the instant mandamus petition. Mandamus is an "extraordinary remedy" that we have discretion to award only when a petitioner demonstrates, among other things, a "clear and indisputable" right to relief. In re: Pressman-Gutman Co., 459 F.3d 383, 398-99 (3d Cir. 2006). Moreover, mandamus is not a substitute for appeal. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 379 (3d Cir. 2005). Morrison requests that this Court compel the District Court to: (1) dispose of his November 2009 motion to reconsider, and (2) exercise jurisdiction over his application for release on bail.

As to both requests, Morrison's petition is moot. It appears that the District Court order denying Morrison's motion to reconsider crossed in the mail with the mandamus petition, as they were both filed on the same day. As to Morrison's request for release on

bail, we understand that motion to have been disposed of when the District Court dismissed the habeas petition in 2008. To the extent that he seeks bail pending his appeal at C.A. No. 10-1891, he should file an appropriate motion in that case. As such, Morrison has not demonstrated a clear and indisputable right to relief, so we will deny the petition for mandamus. See In re: Pressman-Gutman Co., 459 F.3d at 398-99.